1  John P. Pringle, SBN 072300
Toan B. Chung, SBN 276505
2  **ROQUEMORE, PRINGLE & MOORE, INC.**
6055 E. Washington Blvd., Suite 500
3  Los Angeles, CA 90040-2466
Tel No. (323) 724-3117
4  Fax No. (323) 724-5410
5  tbchung@rpmlaw.com

6  Attorneys for  Charles W. Daff,
Chapter 7 Trustee
7

8

9
10          **UNITED STATES BANKRUPTCY COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

12  In re                              | Case No. 6:16-bk-19407-WJ

13  HOPE ACADEMY, INC.,                 | Chapter 7

14                          Debtor.     | **CHAPTER 7 TRUSTEE'S NOTICE OF
                                          MOTION AND MOTION FOR ORDER
15                                        APPROVING SALE OF ESTATE
                                          PROPERTY SUBJECT TO OVERBID
16                                        PURSUANT TO 11 U.S.C. § 363;
                                          MEMORANDUM OF POINTS AND
17                                        AUTHORITIES; DECLARATIONS IN
                                          SUPPORT THEREOF**
18
                                          Date:      October 17, 2017
19                                        Time:      1:00 p.m.
                                          Place:     U.S. Bankruptcy Court
20                                                    Courtroom 304
                                                      3420 Twelfth Street
21                                                    Riverside, CA 92501
22

23  **TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY**

24  **JUDGE, THE DEBTOR, AND OTHER PARTIES IN INTEREST:**

25          **PLEASE TAKE NOTICE** that Charles W. Daff, the duly appointed and acting Chapter

26  7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor

27  Hope Academy, Inc. (the "Debtor") in Case No. 6:16-bk-19407-WJ (the "Bankruptcy Case"), will

28

1    move (the "Motion"), at the date, time, and courtroom stated above (the "Sale Hearing"), for an

2    Order Approving Sale of Estate Property Subject to Overbids Pursuant to 11 U.S.C. § 363.

3        **PLEASE TAKE FURTHER NOTICE** that the Motion pertains to the sale (the "Sale")

4    of the Estate's interest in those tangible, physical personal property of the Estate located at 1055

5    Bloomington Avenue, Bloomington, CA 92316 and listed on the Debtor's attachment (the

6    "Attachment") to Schedule A/B as ECF Docket No. 12, page 8-10 (collectively, the "Personal

7    Property") to Living Way Christian Fellowship (the "Buyer"), for at least $6,000.00 (the "Sale

8

9    Proceeds"), on an "as is, where is" basis, without any warranties, either express or implied.    A

10   true and copy of the Attachment is attached hereto and incorporated herein as **Exhibit "1"**.    The

11   basis of the Motion is that the Estate's interest in the Personal Property is property of the Estate

12   and the sale of said interest would maximize the value of the Estate and is therefore in the best

13   interest of the Estate and its creditors.    The Motion is based on the attached notice of the Motion,

14

15   the attached Memorandum of Points and Authorities, the attached declaration, the attached

16   exhibits and the pleadings on file in the Debtor's bankruptcy case and the arguments of the

17   Trustee or his Counsel at the time of the hearing.    The Motion is made pursuant to all authorities

18   cited herein.

19       **PLEASE TAKE FURTHER NOTICE** that the Sale is subject to overbid.    Overbids

20   shall be in increments of $1,000.00.    The overbidder must tender a Bid Deposit of $1,000.00 in

21

22   the form of certified funds to the Trustee's counsel on or before the Sale Hearing in order to bid

23   for the Vehicle.    If the overbidder is the winning bidder at the Sale Hearing, the Bid Deposit of

24   said overbidder shall be non-refundable. The Motion further requests that the Trustee be

25   authorized to execute all documents necessary to consummate the Sale.

26       **PLEASE TAKE FURTHER NOTICE** that the Trustee has complied with Loc. Bankr.

27   R. 6004-2.  A true and correct copy of Form 6004-2 which has been posted at the Clerk's Office

28

1  is attached hereto and incorporated herein as **Exhibit "3"**.

2      **PLEASE TAKE FURTHER NOTICE** that Loc. Bankr. Rule 9013-1(f) requires any

3  response to the Motion to be in writing, filed with the Clerk of the United States Bankruptcy Court

4  (the "Clerk's Office"), and served upon the Trustee's counsel, whose address appears in the upper

5  left corner of the first page of this Notice of Motion, no later than fourteen (14) days prior to the

6
7  above-scheduled hearing date.  Pursuant to Loc. Bankr. R. 9013-1(h), failure to timely file and

8  serve a responsive pleading may be deemed to constitute consent to the instant request herein.

9  Copies of all pleadings in the Debtor's Bankruptcy Case may be obtained from the Clerk's Office.

10

11                                  Respectfully submitted,

12

13

14  DATED: September 21, 2017          **ROQUEMORE, PRINGLE & MOORE, INC.**

15                                  By:_____

16                                      John P. Pringle, Esq.
                                        Toan B. Chung, Esq.
17                                      Attorneys for Charles W. Daff,
                                        Chapter 7 Trustee
18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  FACTUAL BACKGROUND

1.      Hope Academy, Inc., (the "Debtor") a charter school operator, filed its Voluntary Chapter 7 Petition on October 21, 2016 (the "Petition Date").   Charles W. Daff is the duly appointed and acting Chapter 7 Trustee (the "Trustee").

2.      Amongst the property of the Estate subject to administration by the Trustee is the Estate's interest in those tangible, physical personal property of the Estate located at 1055 Bloomington Avenue, Bloomington, CA 92316 and listed on the Debtor's attachment (the "Attachment") to Schedule A/B as ECF Docket No. 12, page 8-10 (collectively, the "Personal Property").   A true and correct copy of the Attachment is attached hereto and incorporated herein as **Exhibit "1"**.  The Personal Property primarily consists of school furniture and supplies.

3.      Pursuant to his statutory duties to administer assets for the benefit of the Estate and its creditors, the Trustee inspected the Personal Property with Charles Klaus of CMA Adjustments ("Klaus" or the "Auctioneer").   Klaus advised the Trustee that an auction of the Personal Property would not likely to yield a net benefit to the Estate after deducting costs of sale.

4.      The Trustee has received an offer to purchase the Estate's interest in the Personal Property from Living Way Christian Fellowship (the "Buyer") for $6,000.00.  A true and correct copy of the offer to purchase is attached hereto and incorporated herein as **Exhibit "2"**.

5.      The Trustee believes $6,000.00 is a reasonable offer and the sale of the Estate's interest in the Personal Property would maximize the value of the Estate and is therefore in the best interest of the Estate.  The Trustee does not believe employing an auctioneer would be in the best interest of the Estate as an auction of the Personal Property would not likely to yield a net benefit to the Estate after deducting costs of sale.

1

6.    The sale of the Estate's interest in the Personal Property is on an "as is, where is"

2

basis, without any warranties, either express or implied and is subject to any security interest.

3

The sale is subject to overbid and the Court's approval.

4

7.    Overbids shall be in the increment of $1,000.00. The overbidder must tender a Bid

5

Deposit of $1,000.00 in the form of certified funds to the Trustee's counsel on or before the Sale

6

7

Hearing in order to bid. If the overbidder is the winning bidder at the Sale Hearing, the Bid

8

Deposit of said overbidder shall be non-refundable.

9

8.    The Trustee has complied with Loc. Bankr. R. 6004-2. A true and correct copy of

10

Form 6004-2 which has been posted at the Clerk's Office is incorporated therein and attached

11

hereto as **Exhibit "3"**.

12

9.    It is the Trustee's business judgment to propose the sale and he believes that the

13

14

sale will maximize the value of the Estate.

15

10.    The Trustee has no affiliation with the Buyer. The proposed sale transaction is the

16

product of arm's length, good faith negotiations between the parties and their respective counsel.

17

No consideration is being paid by the Buyer to the Trustee other than the Sale Proceeds and there

18

is no collusion between the Trustee and the Buyer.

19

11.    Trustee requests that the Buyer be found to be a good faith purchaser pursuant to

20

21

11 U.S.C. § 363(m). The Trustee further requests that he be authorized to execute all documents

22

necessary to consummate the Sale.

23

**II.  DISCUSSION**

24

A.    **THE COURT SHOULD AUTHORIZE THE SALE OF THE ESATE'S INTEREST**

25

**IN THE PERSONAL PROPERTY BASED UPON THE TRUSTEE'S BUSINESS**

26

**JUDGMENT.**

27

Section 363 of the Bankruptcy Code authorizes the Trustee to sell property of the Estate

28

1    and provides as follows:

2        "The trustee, after notice and a hearing, may use, sell, or lease, other
         than in the ordinary course of business, property of the estate . . . ."

3    See 11 U.S.C. § 363(b)(1).

4

5        A sale of property owned by a debtor will be allowed under 11 U.S.C. § 363 if the estate

6    has equity in the property and the sale is in the best interest of the estate.  Union Bank v. Bloor (In

7    re Investors Funding Corporation of New York), 592 F.2d 134, 135 (2nd Cir. 1979) cert. denied

8    444 U.S. 830 (1979).   Implicit in 11 U.S.C. § 363(b) is the requirement that there be some

9    articulated business justification for using, selling, or leasing the property outside the ordinary

10   course of business.  See Committee of Equity Secured Holders v. Lionel Corporation (In re Lionel

11   Corp.), 722 F.2d 1063, 1071 (2nd Cir. 1983).  The proposed sale has to be in the best interest of

12   the Estate.  Id. at 1071.  The business judgment rule allows the Trustee discretion in balancing the

13

14   costs and the benefits of administering assets of the Estate.  See In re Moore, 110 B.R. 924, 928

15   (Bankr. E.D. Cal. 1998).

16       The Trustee's application of his or her sound business judgment in the use, sale, or lease of

17   such property is subject to great judicial deference.  In re Moore, 110 B.R. 924 (Bankr. C.D. Cal.

18   1990); In re Canyon Partnership, 55 B.R. 520 (Bankr. S.D. Cal. 1985).  In determining whether

19   any sale of assets out of the ordinary course of business should be approved, bankruptcy courts

20

21   usually consider the following factors:

22       1.    Whether a sufficient business reason exists for the sale;

23       2.    Whether the proposed sale is in the best interest of the estate, which in turn consists

24   of the following factors:

25       a.    That terms of the sale are fair and reasonable;

26       b.    That the proposed sale has been adequately marketed;

27       c.    That the proposed sale terms have been properly negotiated and proposed in good

28

1  faith; and

2          d.  That the purchaser is involved in an "arms-length" transaction with the seller.

3      3.      Was notice of the sale sufficient.

4      See In re Walter, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) ("there must be some

5  articulated business justification for using, selling, or leasing the property outside the ordinary

6  course of business . . . As the Second Circuit held in Lionel [In re Lionel Corp., 722 F.2d 1063

7  (2nd Cir. 1983)], the bankruptcy judge should consider all salient factors pertaining to the

8  proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity

9  holders, alike . . . ").

10     The proposed sale in this case clearly meets these standards.  The Trustee has concluded

11 that $6,000.00 is an attractive price and that the Sale is in the best interest of the Estate and should

12 be approved by the Court as the Sale will provide funds from which unsecured creditors may be

13 paid.  Based upon the foregoing, the Trustee submits that the proposed sale satisfies the standards

14 for approval of a sale of assets out of the ordinary course of business pursuant to 11 U.S.C. §

15 363(b).  Moreover, it is in the Trustee's business judgment to propose the sale, and he believes that

16 the sale will maximize the value to the Estate.  The Trustee believes that said offer represents the

17 present fair market value of the Estate's interest in the Personal Property.  If there are any overbids

18 at the time of the hearing, the highest price will represent the fair market value of the Estate's

19 interest in the Personal Property and the Estate's interest in the Personal Property should be sold to

20 the highest bidder.  This Court should approve any overbid at the time of the hearing under 11

21 U.S.C. §363(b).

22

23

24

25

26 ///

27 ///

28

**B.**     <u>**THE SALE OF THE ESATE'S INTEREST IN THE PERSONAL PROPERTY IS**</u>
<u>**SUBJECT TO OVERBID AT THE TIME OF THE HEARING.**</u>

    The proposed sale is subject to overbid at the time of the hearing. To qualify to overbid, the bidder must have a pre-approved loan letter based on the bidder's written application and credit report demonstrating the financial ability or the cash necessary to consummate the sale. The bidder must also post a deposit with the Trustee or the Trustee's counsel at the time of the hearing of $1,000.00 and $1,000.00 for each subsequent increment. The Bankruptcy Court will approve the sale to the highest bidder and a backup bidder at the time of the hearing. In the event that the sale to the highest bidder fails to be consummated (for any reason), then the Trustee is authorized to sell the property to the back-up bidder. Any deposit with the Trustee will be forfeited in the event of failure to perform. Any and all sales are "as is" and without any warranties, whatsoever.

**C.**     <u>**THE SALE IS MADE IN GOOD FAITH.**</u>

    The Motion further requests that the Buyer or a successful overbidder be found to be a good faith purchaser(s) pursuant to 11 U.S.C. § 363(m). The good faith requirements under 11 U.S.C. § 363(m) focus primarily on disclosure of all material sale terms and the absence of fraud or collusion. <u>Cumberland Farms Dairy, Inc. v Abbots Dairy of Pennsylvania, Inc (In re Abbots Dairy of Pennsylvania Inc.</u>, 788 F.2d 143, 147 (3rd Cir. 1986). This relief under 11 U.S.C. § 363(m) should be granted as the Sale is an arm's length transaction, no consideration is being paid by the Buyer to the Trustee for the Personal Property other than the Sale Proceeds and there is no collusion between the Trustee and the Buyer.

///

///

### III.    CONCLUSION

**WHEREFORE**, the Chapter 7 Trustee prays for orders, as follows:

1.      That the Motion is granted;

2.      That sale of the Estate's interest in the Personal Property under 11 U.S.C. § 363 is approved, upon the terms and conditions set forth herein, subject to overbid;

3.      That the Court authorize the overbid procedure as set forth herein above;

4.      That the Buyer be found to be a good faith purchaser pursuant to 11 U.S.C. § 363(m);

5.      That the Trustee be authorized to execute all documents necessary to consummate the Sale;

6.      That the fourteen (14) day stay imposed under Fed. R. Bankr. P. 6004(h) be waived; and

7.      For such other and further relief as the Court deems just and proper.


Respectfully submitted,

DATED: September 21, 2017                **ROQUEMORE, PRINGLE & MOORE, INC.**


By:
       John P. Pringle, Esq.
       Toan B. Chung, Esq.
       Attorneys for Charles W. Daff,
       Chapter 7 Trustee

9

### DECLARATION OF THE TRUSTEE

I, Charles W. Daff, declare and states as follows:

1.      I am the duly appointed and acting Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor, Hope Academy Inc., (the "Debtor") in Case No. 6:16-bk-19407-WJ (the "Bankruptcy Case").  I am an individual above the age of 18 years and I have personal knowledge of all the facts set forth in this Declaration and I could and would competently testify thereto if so called as a witness, except where matters are stated on information and belief, in which case I am informed and believe that the facts so stated are true and correct.

2.      The Debtor, a charter school operator, filed its Voluntary Chapter 7 Petition on October 21, 2016 (the "Petition Date").  Amongst the property subject to administration is the Estate's interest in those tangible, physical personal property of the Estate located at 1055 Bloomington Avenue, Bloomington, CA 92316 and listed on the Debtor's attachment (the "Attachment") to Schedule A/B as ECF Docket No. 12, page 8-10 (collectively, the "Personal Property").   A true and correct copy of the Attachment is attached hereto and incorporated herein as **Exhibit "1"**.  The Personal Property primarily consists of school furniture and supplies.

3.      Pursuant to my statutory duties to administer assets for the benefit of the Estate and its creditors, I inspected the Personal Property with Charles Klaus of CMA Adjustments ("Klaus" or the "Auctioneer").  Klaus advised me that an auction of the Personal Property would not likely to yield a net benefit to the Estate after deducting costs of sale.

4.      I received an offer to purchase the Estate's interest in the Personal Property from Living Way Christian Fellowship (the "Buyer") for $6,000.00.  A true and correct copy of the offer to purchase is attached hereto and incorporated herein as **Exhibit "2"**.

5.      I believe $6,000.00 is a reasonable offer and the sale of the Estate's interest in the Personal Property would maximize the value of the Estate and is therefore in the best interest of the Estate.  I do not believe employing an auctioneer would be in the best interest of the Estate as an auction of the Personal Property would not likely to yield a net benefit to the Estate after deducting costs of sale.

6.      The sale of the Estate's interest in the Personal Property is on an "as is, where is" basis, without any warranties, either express or implied and is subject to any security interest. The sale is subject to overbid and the Court's approval.

7.      Overbids shall be in the increment of $1,000.00.  The overbidder must tender a Bid Deposit of $1,000.00 in the form of certified funds to the Trustee's counsel on or before the Sale Hearing in order to bid.  If the overbidder is the winning bidder at the Sale Hearing, the Bid Deposit of said overbidder shall be non-refundable.

8.      I complied with Loc. Bankr. R. 6004-2.  A true and correct copy of Form 6004-2 which has been posted at the Clerk's Office is incorporated therein and attached hereto as **Exhibit "3"**.

9.      It is in my business judgment to propose the sale and he believes that the sale will maximize the value of the Estate.

10.      I have no affiliation with the Buyer.  The proposed sale transaction is the product of arm's length, good faith negotiations between the parties and their respective counsel. No consideration is being paid by the Buyer to me in my capacity as Trustee other than the Sale Proceeds and there is no collusion between me and the Buyer.

11.      I request that the Buyer be found to be a good faith purchaser pursuant to 11 U.S.C. § 363(m).  I further request that I be authorized to execute all documents necessary to consummate the Sale.

1    I declare under penalty of perjury that the foregoing is true and correct on this _20_ day of

2    September, 2017 at Santa Ana, California.

3

4                                                        _____

5                                                        Charles W. Daff,
                                                         Chapter 7 Trustee
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF PASTOR DAVID ZAMORA

I, David Zamora, declare and state as follows:

1.      I am the Senior Pastor and CEO of Living Way Christian Fellowship.  I am an individual above the age of 18 years and I have personal knowledge of all the facts set forth in this Declaration and I could and would competently testify thereto if so called as a witness, except where matters are stated on information and belief, in which case I am informed and believe that the facts so stated are true and correct.

2.      On behalf of Living Way Christian Fellowship, I made an offer to purchase the Estate's interest in those tangible, physical personal property of the Estate located at 1055 Bloomington Avenue, Bloomington, CA 92316 and listed on the Debtor's attachment (the "Attachment") to Schedule A/B as ECF Docket No. 12, page 8-10 (collectively, the "Personal Property") for $6,000.00.

3.      I understand that Living Way Christian Fellowship is purchasing the Estate's interest in the Personal Property on an "as is, where is" basis, without any warranties, either express or implied.  I understand that Living Way Christian Fellowship is purchasing the Estate's interest in the Personal Property subject to any security interest.

4.      Neither I nor Living Way Christian Fellowship has any affiliation with Chapter 7 Trustee Charles W. Daff.   The proposed sale transaction is the product of arm's length, good faith negotiations between Living Way Christian Fellowship and the Trustee  No consideration is being paid by Living Way Christian Fellowship to the Trustee other than the Sale Proceeds and there is no collusion between Living Way Christian Fellowship and the Trustee.

5.      I request that Living Way Christian Fellowship be found to be a good faith purchaser pursuant to 11 U.S.C. § 363(m).

///

1        I declare under penalty of perjury that the foregoing is true and correct on this _11th_ day

2 of September, 2017 at Fontana, California.

3

4                                      David Zamora, Declarant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

# Exhibit "1"

# Hope Academy Charter School – Bloomington

| Photo | Asset Name | Asset Class | Description/Brand | Qty | Price Per Unit | Market Value |
|---|---|---|---|---|---|---|
| 400 | 2-Drawer metal lateral file cabinet | classroom furniture | gray | 2 | $50 | $100 |
| 401 | 2-Drawer wood lateral file cabinet | classroom furniture | NA | 4 | $85 | $340 |
| 402 | 2-Way radio | classroom equipment | 5 Motorola radios with charger unit | 1 | $375 | $375 |
| 444 | Patch panels and switches | IT | Netgear (Telephone equip leased) | 1 | $0 | $0 |
| NA | 8-Shelf book case not viewed | classroom furniture | black | 3 | $75 | $225 |
| 411 | Acer Signal Up Laptop | classroom equipment | NA | 1 | $125 | $125 |
| NA | Acoustic guitar -- not viewed | music equipment | Washburn | 1 | $80 | $80 |
| NA | Acoustic guitar - not viewed | music equipment | no brand | 1 | $80 | $80 |
| 417 | Biohazard bin | office equipment | NA | 1 | $30 | $30 |
| 419 | Blue student chair | classroom furniture | blue plastic | 231 | $25 | $5,775 |
| NA | Book shelf not viewed | classroom furniture | 2-shelf, brown wood | 6 | $30 | $180 |
| 407 | Book shelf | classroom furniture | 5-shelf, brown wood | 4 | $80 | $320 |
| 434 | Book shelf | classroom furniture | 3-shelf, brown wood | 5 | $30 | $150 |
| 442 | Brute trash can | janitorial equipment | large | 1 | $35 | $35 |
| 439 | Children's area rug | classroom furniture | large play/educational rug | 1 | $250 | $250 |
| 435 | Commercial vacuum, mop bucket | janitorial equipment | Sanitaire vacuum, bucket | 1 | $170 | $170 |
| 421 | Computer keyboard | IT | Logitech; wired | 3 | $20 | $60 |
| 422 | Computer table | IT | 71" x 24" brown and black | 7 | $70 | $490 |
| 428 | Conference chair | office furniture | black fabric, casters | 9 | $40 | $360 |
| 412 | Conference table | office furniture | brown, oblong | 1 | $95 | $95 |
| 440 | 4 Deck tower paper rack with paper | office equipment | 4-roll rack | 1 | $75 | $75 |
| 406 | Consultation chair | office furniture | black fabric, no wheels | 20 | $35 | $700 |
| 423 | Corkboard | classroom fixture | 4' 5" x 4' 5" | 2 | $30 | $60 |
| 403 | Dell Laptop | classroom equipment | not barcoded | 6 | $125 | $750 |
| 405 | Desk phone | office equipment | PolyCom desk phone | 3 | $40 | $120 |
| 420 | DRIVEN teacher chair | classroom furniture | blue and white/black and red | 11 | $130 | $1,430 |
| 426 | Dry erase board | classroom furniture | 8' x 4' | 11 | $100 | $1,100 |
| 408 | Egghead headphones | classroom equipment | NA | 17 | $4 | $68 |
| 427 | Ergonomic conference chair | NA | black | 5 | $40 | $200 |
| 425 | Fabric desk chair | office furniture | black fabric, casters | 2 | $80 | $160 |

15

## Hope Academy Charter School – Bloomington

| Photo | Asset Name | Asset Class | Description/Brand | Qty. | Price Per Unit | Market Value |
|---|---|---|---|---|---|---|
| NA | Flat Screen TV not viewed | classroom equipment | 62" LG 60" | 5 | $700 475 | $3,500 |
| 430 | Flat Screen TV | classroom equipment | Sharp 55" | 1 | $500 | $500 |
| 447 | Flat Screen TV | classroom equipment | LG 60" | 2 | $700 475 | $1,400 |
| 449 | Foldable table | classroom equipment | 6' white | 5 | $45 | $225 |
| NA | Hand sanitizer dispenser not viewed | classroom furniture | Purell | 5 | $6 | $30 |
| NA | Hand sanitizer dispenser not viewed | classroom fixture | Kimberly Clarke | 7 | $6 | $42 |
| NA | Headphone not viewed | classroom equipment | United | 1 | $4 | $4 |
| NA | Headphones not viewed | classroom equipment | Maxell | 11 | $4 | $44 |
| 404 | HP Chromebook | classroom equipment | white, not barcoded | 26 | $90 | $2,340 |
| 437 | Janitorial cart | janitorial equipment | Rubbermaid, yellow | 1 | $70 | $70 |
| 448 | Ladder | maintenance equipment | 8' | 1 | $70 | $70 |
| 445 | Laminator | office equipment | NA | 1 | $600 | $600 |
| 450 | 2 Drawer lateral file | classroom furniture | 2-drawer, brown wood | 6 | $85 | $510 |
| 414 | Lobby chair | lobby furniture | black/gray | 2 | $65 | $130 |
| NA | Metal storage shelving not viewed | classroom fixture | NA | 1 | $40 | $40 |
| NA | Music Stands not viewed | music equipment | Profine | 2 | $10 | $20 |
| 441 | Paper shredder | classroom equipment | Quill brand | 3 | $30 | $90 |
| 443 | Paper towel dispenser | janitorial equipment | Kimberly Clarke | 4 | $20 | $80 |
| 446 | Organ | music equipment | Gulbransen Columbia 50 | 1 | $125 | $125 |
| 438 | Purple student chair | classroom furniture | purple plastic | 51 | $25 | $1,275 |
| NA | Reception desk not viewed | lobby furniture | NA | 1 | $250 | $250 |
| 418 | Room divider panel | NA | Screenflex | 2 | $525 | $1,050 |
| 453 | Router | IT | WD My Net N750 | 1 | $20 | $20 |
| 452 | Router | IT | Sophos AP 50 (discontinued model) | 2 | $75 | $150 |
| 432 | Semi-Circle student table | classroom furniture | purple/blue | 5 | $175 | $875 |
| 415 | Side table | lobby furniture | black/gray | 1 | $45 | $45 |
| 416 | Student computer chair | classroom furniture | blue plastic with wheels | 18 | $30 | $540 |
| 424 | Student cubbies | classroom furniture | 8-slot | 4 | $65 | $260 |
| 423 | Student table | classroom furniture | Blue 60" x 30" | 69 | $60 | $4,140 |
| 413 | Teacher bow front desk w/right return – keyboard drawer | classroom furniture | brown wood, 66" x 65" | 1 | $475 | $475 |

16

## Hope Academy Charter School - Bloomington

| Photo | Asset Name | Asset Class | Description/Brand | Qty | Price Per Unit | Market Value |
|---|---|---|---|---|---|---|
| 433 | Teacher desk on casters | classroom furniture | light brown with black top | 5 | $350 | $1,750 |
| NA | Teacher desk (small) not viewed | classroom furniture | brown wood | 5 | $120 | $600 |
| 431 | Triangle student desk | classroom furniture | NA | 49 | $70 | $3,430 |
| 409 | U.S. flag | classroom furniture | flag with wall mount | 16 | $15 | $240 |
| 421 | View Sonic N Computing Station | classroom equipment | includes mouse, monitor | 9 | $60 | $540 |
| 425 | Vivitek projector | classroom equipment | NA | 1 | $175 | $175 |
| NA | Wall clock not viewed | classroom furniture | black | 4 | $10 | $40 |
| 434 | Wastebasket (medium) not viewed | classroom equipment | various colors | 6 | $3 | $18 |
| NA | Wastebasket (small) not viewed | classroom furniture | black, gray plastic | 20 | $2 | $40 |
| 410 | Webcam | classroom equipment | LifeCam (Microsoft) | 3 | $25 | $75 |
| NA | X-Acto electric pencil sharpener -- not viewed | classroom equipment | X-Acto | 2 | $10 | $20 |
| NA | Yoga mat -- not viewed | playground equipment | various colors | 13 | $6 | $78 |
| 435 | ZEP Chemical System | janitorial equipment | Zep | 1 | $150 | $150 |
| | | | Total $39,958 | | | |

17

# Exhibit "2"



Living Way Christian Fellowship
16725 Valencia Ave. • Fontana, CA 92335
• (909) 823-4404

August 08, 2017

    To whom it may concern:

My name is David Zamora and I am the Sr. Pastor /CEO of Living Way Fontana. I'm writing in a proposal on "Hope Academy Charter School Bloomington" for all furniture and electronics and/or any school furniture/supplies. We are a Church with an emphasis on Education. We facilitate several schools/colleges in our facilities. We are currently seeking k-12 furniture to better accommodate our tenants and also our community afterschool programs and summer events for students. With approval of our board, we are prepared to execute an offer of $6,000 for the Bloomington furniture at 1055 Bloomington Ave, Bloomington, CA 92316. We are a non-profit 501c3 and our services for the community include services through faith-based and education and enrichment for students in an underserved part of the community. We do not charge for our time, it's all on a volunteer basis. This furniture will further help in our endeavors to empower young people in our community. We are ready upon approval of the offer to pick up any and all furniture within 5 days.

Sincerely,

Pastor David Zamora

18

# Exhibit "3"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John P. Pringle, SBN 072300<br>Toan B. Chung, SBN 276505<br>ROQUEMORE, PRINGLE & MOORE, INC.<br>6055 E. Washington Blvd., Suite 500<br>Los Angeles, CA 90040-2466<br>Tel No. (323) 724-3117<br>Fax No. (323) 724-5410<br>tbchung@rpmlaw.com | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* Charles W. Daff, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>HOPE ACADEMY, INC.,<br><br><br><br>Debtor(s). | CASE NO.: 6:16-bk-19407-WJ<br>CHAPTER: 7<br><br>**NOTICE OF SALE OF ESTATE PROPERTY** |
|---|---|

| **Sale Date:** 10/17/2017 | **Time:** 1:00 pm |
|---|---|
| **Location:** U.S. Bankruptcy Court, Courtroom 304, 3420 Twelfth Street, Riverside, CA 92501 | |

**Type of Sale**: ☒ Public ☐ Private     **Last date to file objections**: 10/03/2017

**Description of property to be sold**:
the Estate's interest in those tangible, physical personal property of the Estate located at 1055 Bloomington Avenue, Bloomington, CA 92316 and listed on the Debtor's attachment (the "Attachment") to Schedule A/B as ECF Docket No. 12, page 8-10 (collectively, the "Personal Property").

**Terms and conditions of sale:**
The sale of the Estate's interest in the Personal Property is on an "as is, where is" basis, without any warranties, either express or implied and is subject to any security interest. The sale is subject to overbid and the Court's approval.

**Proposed sale price**: $ 6,000.00

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

19

**Overbid procedure (*if any*)**: Bidder must be qualified, must deposit $1,000.00 by cashier's or bank check made payable to the Trustee and present to the Trustee's counsel at or before the time of the sale hearing a pre-approved loan letter. All overbids must be in increments of no less than $1,000.00.

**If property is to be sold free and clear of liens or other interests, list date, time and location of hearing:**

Date:  October 17 2017
Time:  1:00 p.m.
Place: U.S. Bankruptcy Court
        Courtroom 304
        3420 Twelfth Street
        Riverside, CA 92501

**Contact person for potential bidders (*include name, address, telephone, fax and/or email address*):**

Toan B. Chung, Esq.
Roquemore, Pringle & Moore, Inc.
6055 E. Washington Blvd., Suite 500
Los Angeles, CA 90012
Tel: (323) 724-3117
Fax No. (323) 724-5410
tbchung@rpmlaw.com

Date: 09/21/2017

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 2                          **F 6004-2.NOTICE.SALE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6055 E. Washington Blvd., Suite 500, Los Angeles, CA 90040

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Notice of Motion and Motion for Order Approving Sale of Estate Property Subject to Overbid Pursuant to 11 U.S.C. § 363; Memorandum of Points and Authorities; Declaration in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 21, 2017** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Adam N Barasch    anb@severson.com, dgl@severson.com;efiling@severson.com
- Toan B Chung    tbchung@rpmlaw.com, toan.b.chung@gmail.com;bankpara@rpmlaw.com
- Charles W Daff (TR)    charleswdaff@gmail.com, c122@ecfcbis.com
- Jamie P Dreher    jdreher@downeybrand.com,
  mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Robert K McKernan    rkmlegal@yahoo.com, asholtz@verizon.net
- David Philipson    davidp@bigbearlaw.com
- Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **September 21, 2017** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Hope Academy, Inc., P.O. Box 2966, Victorville, CA 92393-2966

HONORABLE WAYNE JOHNSON, U.S. Bankruptcy Court, 3420 Twelfth Street, Suite 385, Riverside, CA 92501

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 21, 2017 | ELSA PEREZ | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Ally
PO Box 380902
Minneapolis, MN 55438-0902

Hi-Desert Cultural Center
PO Box 128
Joshua Tree , CA 92252-0128

PB 240, LLC.
244 Maple Avenue, Unit T
Beaumont, CA 92223-2908

Bank of America
PO Box 982238
El Paso, TX 79998-2236

Howard Shangraw
340 Desert Lake Drive
Palm Springs, CA 92264-5514

Southern California Edison
PO Box 300
Rosemead, CA 91772-0001

Barbara Conway
c/o Georgiy B. Lyudyno
4310 54th Street, #211
San Diego, CA 92115-5354

Howard & Howard
3800 Howard Hughes Pkwy, Ste 1000
Las Vegas, NV 89169-5958

Star 2 Star
600 Talevast Road, Suite 202
Sarasota, FL 34243-3254

Carriage Square, LLC
14369 Park Avenue, Suite 200
Victorville, CA 92392-2300

Internal Revenue Service
Department of Treasury
Cincinnati, OH 45999

Stater Bros
301 S. Tippecanoe Ave
San Bernardino, CA 92408-0121

Cesar Chavez Foundation
c/o Alfonso Trujillo
316 W. 2nd Street, Suite 600
Los Angeles, CA 90012

Jared Mecham
9705 Los Prairie Road
Mario, MT 59925-9844

Wells Fargo
PO Box 51043
Los Angeles, CA 90051

Craig Hummel & Associates
PO Box 11643
Bakersfield, CA 93389-1643

Jennifer Boland
c/o Caskey & Holzman
24025 Park Sorrento, Suite 400
Calabasas, CA 91302-4009

Hope Academy, Inc.
PO Box 2966
Victorville, CA 92393-2966

DTW Partners
PO Box 6820
Big Bear Lake, CA 92315-6820

Kathleen Radnich
63715 Quail Springs Road
HC1 Box 1092
Joshua Tree, CA 92252-5127

Ford Credit
PO Box 552679
Detroit, MI 48255-2679

East West Bank
555 Montgomery Street
San Francisco, CA 94111-2516

Kern County Treasurer Tax Collector
PO Box 541004
Los Angeles, CA 90054-1004

P & N
Town Center Mall, LLC
57725 29 Palms Hwy
Yucca Valley, CA 92284

Edlio
12910 Culver Blvd., Suite 1
Los Angeles, CA 90066-6709

National Playground Construction
405 Golfway West Dr., Suite 302
Saint Augustine, FL 32095-8852

22